# UNITED STATES DISTRICT COURT
for the
District of Maryland

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. **14-2560 BPG**
Four computers, two cell phones, fifty0two CDs/DVDs, )
and one digital camera seized from the residence of )
Allen Isner, 4224 Darnall Road, Nottingham, MD 21236 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of ____Maryland____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252A(a)(2); 18 U.S.C. 2252A(a)(5)(B) | Distribution and receipt of child pornography; Possession of child pornography |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Rachel Corn, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/06/2014

_____
*Judge's signature*

City and state: Baltimore, Maryland     Beth P. Gesner, United States Magistrate Judge
*Printed name and title*

## **ATTACHMENT A**

## **DESCRIPTION OF ITEMS TO BE SEARCHED**

The following items were seized from 4224 Darnall Road, Nottingham, Maryland 21236 and are currently being held at the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, 40 South Gay Street, Baltimore, Maryland:

- *Dell Dimension 8200 desktop computer, sn: CNPSZ01*
- *HP Pavilion A1000 desktop computer, sn: CNH5480MPX*
- *Toshiba Satellite laptop computer, sn: 5A125975W*
- *HP Pavilion laptop computer, sn: 5CD2490CCN*
- *Sanyo digital camera, sn: 10091303377*
- *Samsung Galaxy S4 cell phone, sn: KV8F204GVNW*
- *Virgin Mobile Kyocera cell phone, sn: C9197AC9*
- *fifty-two CDs/DVDs*

## ATTACHMENT B
## LIST OF ITEMS TO BE SEIZED

The items described in Attachment A may be searched for the following items, which may be seized:

All records, documents, items, data and other information that may constitute fruits or instrumentalities of, or contain evidence related to, violations of Title 18 § 2252A(a)(2) and 2252A(a)(5)(B) including, but not limited to, the following:

1. Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, U.S.C. § 2256(8).

2. Any and all correspondence identifying persons transmitting, receiving or possessing, through interstate commerce including by U.S. Mails or by computer, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, U.S.C. § 2256(2).

3. Any and all records, documents, invoices and materials that concern any accounts, screen names, social networking sites, online accounts, or email accounts, including Internet Service Providers.

4. Any and all visual depictions of minors, to include depictions of minors engaged in sexually explicit conduct, nude pictures, and modeling.

5. Any and all documents, records, or correspondence pertaining to occupancy or other connection to 4224 Darnall Road, Nottingham, Maryland 21236.

6. Any and all diaries, notebooks, notes, address books, pictures, emails, chats, directions, maps, banking, travel, documents, and any other records reflecting personal contact and any other activities with minors.

7. Any and all notes, documents, records, photos, correspondences that relate to travel.

8. Any and all notes, documents, records, photos or correspondence that indicate a sexual interest in children, including, but not limited to:
    a. Correspondence with children;
    b. Any and all visual depictions of minors;
    c. Internet browsing history;
    d. Books, logs, emails, chats, diaries and other documents.

As used above, the terms "records, documents, messages, correspondence, data, and materials" includes records, documents, messages, correspondence, data, and materials, created, modified or stored in any form, including electronic or digital form, and by whatever means they may have been created and/or stored. This includes any handmade, photographic, mechanical, electrical, electronic, and/or magnetic forms. It also includes items in the form of computer hardware, software, documentation, passwords, and/or data security devices.

9. For any computer, cell phone, or other physical object upon which computer data can be recorded (hereinafter, "COMPUTER") that is called for by this warrant, or that might contain things otherwise called for by this warrant:
    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;
    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;
    c. evidence of the lack of such malicious software;
    d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;
    e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;
    f. evidence of the times the COMPUTER was used;
    g. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;
    h. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;
    i. contextual information necessary to understand the evidence described in this attachment.
    j. image and video files that depict children engaged in sexually explicit conduct pursuant to Title 18 U.S.C. § 2256.

Any of the items described above which are stored in the form of magnetic or electronic coding on computer media or non media capable of being read by a computer with the aid of computer-related equipment, including floppy diskettes, fixed hard drives, or removable hard disk cartridges, software, or memory in any form. The search procedure of the electronic data contained in computer operating software or memory devices may include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

    a. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);
    b. "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;
    c. "scanning" storage areas to discover and possible recover recently deleted files;
    d. "scanning" storage areas for deliberately hidden files; or

   e. performing key word or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

   10. If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography, or other criminal activity, the further search of that particular directory, file or storage area, shall cease.